DAVID T. CHENOWETH, Respondent, v. A. G.
SUTHERLAND, Appellant.

**Kansas City Court of Appeals, January 24, 1910.**

1. **DEMURRER TO EVIDENCE:** Personal Injury. In passing on
a demurrer to the evidence the appellate court should consider
the evidence of the plaintiff given in his own behalf even though
opposed by all that heard in defendant's behalf, unless such
other evidence shows that plaintiff's could not be true. And
even though witnesses in plaintiff's behalf may contradict him,
the jury have a right to accept his statement and reject theirs.

2. **EVIDENCE:** Conclusions. While a statement of conclusions
should not, generally, be made by witnesses, yet care should be
taken not to exclude a statement of a specific fact within the
knowledge of a witness, under guise of it being a conclusion.

3. **EXCESSIVE VERDICT.** While the jury, in unliquidated dam-
ages, fixes the amount, the court retains a corrective hand and
will refuse a judgment for an unconscionable sum.

Appeal from Jackson Circuit Court.—*Hon. Hermann
Brumback,* Judge.

REVERSED AND REMANDED.

*Warner, Dean, McLeod & Timmonds* for appel-
lant.

(1) That it is negligent for employees to disobey
their foreman, that they assume the risk of doing a cer-
tain piece of work in a manner contrary to his instruc-
tions, and if such disobedience is the proximate cause
of the injury resulting therefrom, the injured employee
cannot recover, is well established by the following
cases: York v. Railroad, 117 Mo. 405; Maxfield v.
Granson, 131 Fed. 841; Holmes v. Brandenbaugh, 172
Mo. 53; Knappes v. Shoe Co., 116 Mo. App. 154; Kel-
ley v. Lawrence, 195 Mo. 75; Moran v. Brown, 27 Mo.
App. 487. (2) That an employer has the right to

make reasonable rules and regulations for the conduct of his workmen cannot be well questioned. That it is the duty of the employee to obey and follow such rules and regulations cannot be well questioned. That the master has the right to adopt his own plans for conducting a certain piece of work cannot be well questioned; that it is the duty of the employee to follow that plan cannot be well questioned. And, if an employee ignores such a plan, adopts another, and by reason thereof receives injury he cannot be heard to complain. Kauffman v. Maier, 94 Cal. 269; Richmond v. Dickey, 90 Ga. 491; Preston v. Railroad, 98 Mich. 128; Railroad v. Daniels, 73 Miss. 258; Moran v. Brown, 27 Mo. App. 487; Young v. Railroad, 69 N. H. 356; Skidmore v. Railroad, 41 W. Va., 293. (3) Where the master has informed the servant that certain work is dangerous, and instructed him as to the extent of the danger, and how to avoid it, the servant assumes the risk, and if he is injured he cannot recover. Daester v. Planing Mill Co., 11 Mo. App. 593; Hill v. Meyer Bros., 140 Mo. 433. Railroad v. Brick, 83 Tex. 602. (4) And even if the master fails to warn the servant, his failure to do so imposes no liability upon him, if the servant has acquired the information or knowledge from other sources. Coal Co. v. Pitts, 98 Ala. 285; Cotton Oil Co. v. Hale, 56 Ark. 238; Sullivan v. India Co., 113 Mass. 396; Downey v. Sawyer, 157 Mass. 418; Truntle v. North Star Co., 57 Minn. 52; White v. Lithograph Co., 131 N. Y. 631; Coal Co. v. Hayes, 128 Pa. St. 294.

*Rush L. Fisette* and *Bird & Pope,* for respondent, filed argument.

ELLISON, J.—This action is for personal injury, in which plaintiff prevailed in the trial court.

Several of defendant's servants were engaged in removing the main part or body of an engine out of a

·building. They were under the charge of defendant's foreman, who directed it to be put upon a low-wheeled push car and wheeled out of the building to a pile of I-beams upon which it was to be placed. A derrick was at the I-beams for the purpose of removal of the engine from the car. In attempting to remove it, one of the wire ropes connected with the operation of the derrick broke and fell upon plaintiff's head inflicting a wound causing, as he alleges, a painful and permanent injury. This is a second appeal; the first will be found reported in 129 Mo. App. 431, where it will be seen the case was remanded for another trial. We refer to that report for a detailed statement of the facts, a large part of which is applicable to the present record. At the trial from the result of which this appeal was taken, it was plaintiff's theory as it was before, that he was working in the manner directed by the foreman when the rope broke. It was defendant's theory that he was at that time working in violation of the foreman's orders. That the foreman feared to test the derrick with the weight of the engine and so expressed himself to the men, saying that he would go to a place near by and get some crowbars with which they would "pinch" it on skids over onto the pile of I-beams.

It is strongly insisted that plaintiff failed to make a case for the jury and that the judgment should be reversed outright on that ground. But most of the argument to that end includes only a part of the evidence. It is familiar law that in passing on a demurrer to evidence we should look to the case as made by the evidence in plaintiff's behalf and leave out of consideration mere contradictions of that evidence unless it should be contradicted in such way as shows that it could not be true. More than this, if the evidence given by a plaintiff, as a witness in his own behalf, should be opposed by that of some one or more witnesses introduced by him, that fact would not have the effect of preventing the jury from believing and acting upon his

testimony and rejecting that of his other witnesses. When we give regard to the evidence of the plaintiff, as he related it in his own behalf, we find that he acted in the manner of his work under the orders of the foreman, who stood by and told the men what to do in removing the engine from the car—that is, they were to use the derrick in raising the front end and putting skids under and thus get it over to the I-beams, and that he, plaintiff, was at the rear end assisting to push, after it was thus raised. It is true he stated that he did not see the foreman during the moments they were working—that he supposed he was still there but did not know. We conclude that a case was made for the jury, and pass to defendant's objections to the manner of the trial and the result.

It is our conclusion that defendant was deprived of substantial legal rights of high character by the breadth of meaning which the court and plaintiff's counsel gave to the word "conclusion" as applied to the questions propounded to plaintiff's witnesses on cross-examination. It is true that facts should be stated by a witness and not his deductions or conclusions thereon. But it must be remembered that nearly everything one states in detailing his knowledge of things is, in some sense, his conclusion, and care should be taken not to allow an objection put under the form that a statement of a conclusion is asked for, to cut out an inquiry, on cross-examination, calculated to draw out an answer as to the simplest specific fact. It was a part of defendant's case that the foreman wanted the engine moved off the car by "pinching" with crowbars. And, of course, he desired to elicit an admission to that effect from plaintiff's witnesses. With that view he asked one of plaintiff's witnesses, who was plaintiff's fellow-workman and engaged with him at the time he was hurt, these questions:

"Q. The plan announced to you men by your foreman of doing this work of removing this engine from

the car to the pile of I-beams was by the use of pinch
bars which we would go and get; isn't that true?"

"Q. The foreman did tell you men that the meth-
od which would be used in moving that engine over
there was by the use of pinch bars?"

"Q. The foreman, before he went away after the
pinch bars, did tell you men that the work of moving
the engine over from the push car to the pile of I-beams
would be by the use of the pinch bars, did he not?"

An answer was objected to on the ground that it
would be stating a conclusion and the objection was
sustained. The conclusion would have been that the
foreman told them they should use pinch bars and that
he would go and get them. The only conclusion in
answer to such question would be that he concluded
the foreman said it because he heard him say it. In
one instance a question was not allowed to be answer-
ed, that the foreman told the men not to raise the en-
gine too high. By this and many similar rulings, de-
fendant was greatly hampered in the legitimate and
valuable right of cross-examination. The refusal of
an answer to some of the questions along the line in-
dicated, and not here set out, perhaps did not work
harm, but many of them did; among others, the action
on the testimony of Stanley as set forth in a bill of
exceptions at a former trial.

Again, in cross-examining plaintiff himself as
to the foreman giving directions that they would move
the engine by pinch bars which he would go and get,
he stated that he did not hear the foreman say that,
and then defendant asked him: "Are you prepared
to say to the jury that you heard all he said, or that
you did not hear him." On this important issue it is
apparent that defendant should have been allowed an
answer to the question, addressed, as it was, to the
plaintiff himself.

Again, plaintiff asked defendant's foreman, who
was a witness for defendant, several questions with a

view of ascertaining that though he was present, he did not testify at former trials. The witness was not interested in the case, his character had not been assailed and nothing appears tending to show anything calling upon him to testify in vindication of himself. After spending some time in such questions and the defendant fruitlessly objecting thereto, plaintiff's counsel announced: "I presume the whole thing is immaterial." Then the court said to the jury "to entirely disregard the whole line of questioning." But we regard the proceeding as improper. The effect was to prejudice the jury, and the subsequent direction of the court in all probability did not remove that impression.

It is earnestly insisted that the verdict was so excessive as to show such prejudice on the part of the jury as to disqualify them as proper judges of the rights of the parties. It was for $7,000, and in our opinion grossly excessive. The trial court partially remedied this by requiring a remittitur to be entered reducing the judgment to $4,500, which we think still far in excess of what it should be. The verdict was for $2,500 at the first trial. At the second trial it was for $2,000, which was set aside by the court trying the case at that time, on the ground that a demurrer to the evidence should have been sustained. Plaintiff has been engaged at hard labor for practically all the time since he was hurt. He has removed to the State of Washington, and while there, has performed labor of such character as tends strongly to show an able-bodied man. We are not unmindful that in unliquidated damages it is the province of the jury to fix upon the amount. At the same time the courts retain a corrective hand and have the right, and it is their duty, to see that judgment for an unconscionable sum should not be rendered.

The judgment is reversed and cause remanded. All concur.